UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MAX L. WEISS, an individual,,

Plaintiff,

v.

JOCO ENTERPRISES LLC, a Puerto Rico limited liability company; JOHN JAIRO SANDOVAL, an individual; E-IDEAS LIMITADA, operating as Webhexup; JOSE FERNANDO MUNOZ ALVAREZ., an individual; PRIVATE LOAN RELIEF SERVICES LLC, an unregistered entity; and DOES 1-10,

Defendants.

Case No.: 26-CV-4113 JLS (GC)

**ORDER:**

**(1) DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER,**

**(2) DENYING MOTION FOR ALTERNATIVE SERVICE OF PROCESS, AND**

**(3) GRANTING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**

(ECF Nos. 2, 3, 4)

Presently before the Court are Plaintiff Max L. Weiss's Ex Parte Motion for Temporary Restraining Order ("TRO," ECF No. 2), Motion for Alternative Service of Process ("Service Mot.," ECF No. 3), and Motion for Leave to Electronically File Documents ("E-File Mot.," ECF No. 4). For the reasons stated below, the Court **DENIES** Plaintiff's TRO Motion (ECF No. 2), **DENIES** Plaintiff's Service Motion (ECF No. 3), and **GRANTS** Plaintiff's E-File Motion (ECF No. 4).

## BACKGROUND

On July 17, 2026, Plaintiff filed a complaint alleging that Defendants, several individuals and companies located in Hawaii, Puerto Rico, and Colombia, copied Plaintiff's website, privatestudentloanassistance.org ("PSLA Center Website"), "the first company in the United States offering private student loan assistance" which Plaintiff has been operating since 2015. ECF No. 1 ("Compl.") ¶¶ 2, 17. Plaintiff alleges that after he launched a website redesign for the PSLA Center Website, he discovered that Defendants' websites, privatestudentrelief.com, privatestudentaidnow.com, and privateloanreliefservices.com, copied his own. *Id.* ¶¶ 19, 21–24. According to Plaintiff, Defendants are "operating an undisclosed lead generation scheme" to "collect[] sensitive consumer personal and financial information." *Id.* ¶ 25. Beginning in May 2026, Plaintiff exchanged several emails with Defendants, notifying Defendants of their alleged infringement and fraud. *Id.* ¶¶ 27–34. Plaintiff now brings claims against Defendants for trade dress infringement, false advertising, unfair competition, violations of the California Consumer Privacy Act ("CCPA"), common law passing off, and intentional interference with prospective economic advantage. *Id.* ¶ 5.

## EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

### I. Legal Standard

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO"). The standard for a TRO is identical to the standard for a preliminary injunction. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and is "never awarded as of right." *Id.* at 22, 24.

When a plaintiff has not provided notice of their TRO application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes additional requirements. The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The stringent restrictions imposed . . . by Rule 65[] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974) (footnote omitted).

"Courts have [thus] recognized very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). "For example, an *ex parte* TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized 'a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.2d at 322). Generally speaking, this "narrow band" includes only situations wherein an *ex parte* order is necessary "to preserve evidence or the court's jurisdiction." *Am. Can Co.*, 742 F.2d at 323 n.11 (citing *In re Vuitton et Fils S.A.*, 606 F.2d 1, 3, 5 (2d Cir. 1979) (per curiam)).

/ / /

/ / /

/ / /

## II. Discussion

### *A. TRO Without Notice*

Plaintiff seeks an *ex parte* TRO "directing Defendants to cease all operation of privatestudentrelief.com, privatestudentaidnow.com, privateloanreliefservices.com, and any other website in connection with this scheme." TRO Mot. at 8. Plaintiff argues that issuing a TRO without notice is justified because, "[i]f given notice of this TRO motion, Defendants may transfer or destroy evidence, move assets, or take other steps to evade the Court's order." *Id.* at 7. Plaintiff further explains that "[b]oth of Defendants['] registered addresses have proven unresponsive to certified mail," and thus, "[s]tandard notice cannot reach Defendants through conventional means." *Id.*

Although a Court may issue a TRO without notice to the adverse party, Federal Rule of Civil Procedure 65(b)(1) requires that certain conditions be met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).[1]

Plaintiff's allegations fall short of this high standard. Plaintiff has attached several exhibits purporting to be email exchanges between Plaintiff and Defendants. *See generally* Compl. If Plaintiff has affirmed the identities of Defendants and is indeed able to contact Defendants by email, it raises questions as to why excusing notice is justified. *See Reno Air Racing Ass'n*, at 1131 ("[A]n *ex parte* TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" (quoting *Am. Can Co.*, 742 F.2d at 322)). Furthermore, the Court is troubled by what appears to be pasted text

---

[1] The Court also notes that if a plaintiff fails to serve the summons and complaint within ninety days, a court must—after providing notice to the plaintiff—dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

over a scanned image of a letter. *See* Compl., Ex. L. The Court thus cannot verify that "Defendants' registered agent address and personal address are unresponsive to certified mail." *Id.* at 2.

Plaintiff's TRO Motion also contains a number of unsupported claims. Plaintiff alleges that, without providing any specific factual support, "[t]he FTC, California Attorney General, California DFPI, and Puerto Rico consumer protection agencies have received formal complaints about this operation." TRO Mot. at 7. Formal complaints have likewise been filed with, according to Plaintiff, the "BBB, AADR, Google, Puerto Rico DACO, Puerto Rico Department of State, Puerto Rico OCIF, Colombia's Superintendencia de Industria y Comercio, and the Bogota Chamber of Commerce." *Id.* at 2–3. Plaintiff claims that "[m]ultiple regulatory bodies have found the complained-of conduct sufficiently serious to accept for review." *Id.* at 7. Plaintiff, however, has not provided verification for these claims, or explained why they support issuing an *ex parte* TRO.

Plaintiff has thus failed to "certif[y] in writing any efforts to give notice *and* the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B) (emphasis added). Plaintiff's blanket contentions that "notice to Defendants would render the relief ineffective" and that "Defendants may transfer or destroy evidence, move assets, or take other steps to evade the Court's order" are insufficient. TRO Mot. at 2, 7. Given these deficiencies, the Court does not find that excusing notice is appropriate. *Granny Goose Foods, Inc.*, 415 at 438–39.

***B. TRO With Notice***

Plaintiff also fails to meet the standard for a TRO with notice. "The purpose of a temporary restraining order (TRO) is to preserve the status quo and prevent irreparable harm until a preliminary injunction may be held." *Sepulveda v. Bondi*, No. 26-CV-573-LL-DDL, 2026 WL 353356, at *1 (S.D. Cal. Feb. 9, 2026) (citing *Granny Goose Foods, Inc.*, 415 at 439). Here, Plaintiff claims that Defendants' continued infringement has caused "consumer confusion, trade dress dilution, and ongoing consumer fraud." TRO Mot. at 6. Plaintiff's conclusory statements are insufficient to justify injunctive relief. *See*

*Laltitude LLC v. Individuals, P'ships & Unincorporated Ass'ns Identified in Schedule A*, No. C25-1961-KKE, 2025 WL 2939310, at * (W.D. Wash. Oct. 15, 2025) (finding "conclusory and self-serving testimony" was "insufficient to show impending, irreparable harm that warrants extraordinary injunctive relief").

Accordingly, the Court **DENIES** Plaintiff's Ex Parte Motion for Temporary Restraining Order.

## MOTION FOR ALTERNATIVE SERVICE OF PROCESS

### I. Legal Standard

#### *A. Service by Email on Foreign Defendants*

Federal Rule of Civil Procedure 4(f) provides for service on an individual in a foreign country by, as relevant here, "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1), (3).

Even if permissible under Rule 4(f)(3), service by email "must also comport with constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "Service by email can satisfy due process when a foreign defendant structured its business on the internet using email as the preferred contact method and did not list an easily discoverable street address." *Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL 3632160, at *2 (N.D. Cal. July 31, 2018) (citing *Rio Props., Inc.*, 284 F.3d at 1016–17).

#### *B. Service by Email on Domestic Defendants*

Federal Rule of Civil Procedure 4(e)(1) provides for service on domestic defendants according to "state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law permits service by email "where email service 'is reasonably calculated to give actual notice to the party to be served,' particularly where there is evidence that the defendant is evading service." *Gnathonic, LLC v. Dingman*, No. 2:19-CV-1502-VAP-SSx, 2019 WL 13166751, at *2 (C.D. Cal. Oct. 2, 2019) (quoting *Cisco Sys., Inc. v. Shaitor*, No. 18-CV-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018) (collecting cases)). A plaintiff must demonstrate "reasonable diligence in its attempts to serve the defendants" and that service by email "is reasonably calculated to give actual notice to the defendants." *Id.* (quoting *Cisco Sys., Inc.*, 2018 WL 3109398, at *4)).

## II. Discussion

In addition to an *ex parte* TRO, Plaintiff seeks to serve Defendants Joco Enterprises LLC, John Jairo Sandoval, E-Ideas Limitada/Webhexup, Jose Fernando Munoz Alvarez, and Private Loan Relief Services LLC by email. Plaintiff alleges that "Defendants Joco Enterprises LLC and John Jairo Sandoval are registered in Puerto Rico with addresses that have proven entirely unreachable by certified mail," that "Defendant Private Loan Relief Services LLC is not registered anywhere and has no known address," and that "Defendants E-Ideas Limitada and Jose Fernando Munoz Alvarez are located in Colombia." Service Mot. at 2.

The Court finds that alternative service is not warranted. Plaintiff has attached to the Complaint several exhibits purporting to be email communications with Defendants. *See* Compl., Exs. C–H. These exhibits are insufficient to prove that the email Plaintiff alleges belongs to Defendants actually belongs to Defendants. *Cf. Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) ("Defendants have filed responses to Plaintiffs' motions and it is evident Defendants and their counsel are already informed of the pendency of this matter."). Plaintiff has also attached a scanned image of a letter apparently sent to Hawaii, which by itself, as discussed in relation to Plaintiff's TRO Motion, does not demonstrate Plaintiff

has made reasonable efforts to effectuate service. *See* Compl., Ex. L; *see also Gnathonic*, 2019 WL 13166751, at *3 (noting that good faith "generally involves 'a number of honest attempts to learn defendant's whereabouts or his address'" and "requires more than a single attempt to effectuate service" (citations omitted)).

Plaintiff has thus failed to show he has made reasonable efforts to effectuate service or demonstrated that Defendants are trying to evade service. *See Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, No. 2:18-CV-01530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (finding service by email proper on defendants "where [p]laintiff ha[d] been unable to ascertain physical addresses for service after a reasonable effort" and "where there [wa]s evidence defendants [were] attempting to evade service," but finding service by email improper on other defendants where plaintiff had not attempted service or demonstrated that defendants were "elusive or otherwise striving to evade service of process"); *Keck*, 2018 WL 3632160, at *3 (permitting service by email where plaintiff was unable to locate the physical addresses of defendants). The Court therefore cannot find that service through email would be "reasonably calculated to inform Defendants of the action" or necessary under the circumstances. *Fourte Int'l Ltd. BVI*, 2019 WL 246562, at *3; *Cisco Sys., Inc.*, 2018 WL 3109398, at *3–4.

Accordingly, the Court **DENIES** Plaintiff's Motion for Alternative Service of Process.

**MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**

Lastly, Plaintiff seeks permission to electronically file documents. Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (Sept. 24,

2025) [hereinafter "ECF Manual].[2] "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.*

The *ECF Manual* refers to the Court's official website for CM/ECF technical specifications, *id.* § 1(i), which include a "[c]omputer running on Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 3.5, and Internet Explorer 6.0 and 7.0"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)"; and a PACER account. United States District Court, Southern District of California, *CM/ECF Information: General Information*, https://www.casd.uscourts.gov/cmecf.aspx (last visited Oct. 23, 2025).

Here, Plaintiff has provided the required particulars about their access to technology conforming to the CM/ECF technical specifications noted above, and Plaintiff has agreed to be bound by the rules and policies in the *ECF Manual*. E-File Mot. at 1–2. Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Electronically File Documents.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Ex Parte Motion for Temporary Restraining Order (ECF No. 2), **DENIES** Plaintiff's Motion for Alternative Service of Process ("Service Mot.," ECF No. 3), and **GRANTS** Plaintiff's Motion for Leave to Electronically File Documents ("E-File Mot.," ECF No. 4).

Within <u>thirty (30) days</u> of the electronic docketing of this Order, Plaintiff **MAY FILE** a renewed motion for service by email with (1) additional evidence of recent communications with Defendants and verification that the emails provided by Plaintiff are

---

[2] Available at: https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf.

the correct email addresses for Defendants and (2) additional evidence to demonstrate that Plaintiff has made reasonable efforts to locate Defendants' physical addresses and to effectuate service by other means.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge