UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX L. WEISS, an individual,, Plaintiff, v. JOCO ENTERPRISES LLC, et al., Defendants. | Case No.: 26-CV-4113 JLS (GC) **ORDER DENYING RENEWED MOTION FOR ALTERNATIVE SERVICE OF PROCESS** (ECF No. 9) |

Presently before the Court is Plaintiff Max L. Weiss's Renewed Motion for Alternative Service of Process ("Mot.," ECF No. 9). For the reasons stated below, the Court **DENIES** the Motion.

## I. Legal Standard

### *A. Service by Email on Foreign Defendants*

Federal Rule of Civil Procedure 4(f) provides for service on an individual in a foreign country by, as relevant here, "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1), (3).

Even if permissible under Rule 4(f)(3), service by email "must also comport with constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d

1007, 1016 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "Service by email can satisfy due process when a foreign defendant structured its business on the internet using email as the preferred contact method and did not list an easily discoverable street address." *Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL 3632160, at *2 (N.D. Cal. July 31, 2018) (citing *Rio Props., Inc.*, 284 F.3d at 1016–17).

### *B. Service by Email on Domestic Defendants*

Federal Rule of Civil Procedure 4(e)(1) provides for service on domestic defendants according to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law permits service by email "where email service 'is reasonably calculated to give actual notice to the party to be served,' particularly where there is evidence that the defendant is evading service." *Gnathonic, LLC v. Dingman*, No. 2:19-CV-1502-VAP-SSx, 2019 WL 13166751, at *2 (C.D. Cal. Oct. 2, 2019) (quoting *Cisco Sys., Inc. v. Shaitor*, No. 18-CV-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018) (collecting cases)). A plaintiff must demonstrate "reasonable diligence in its attempts to serve the defendants" and that service by email "is reasonably calculated to give actual notice to the defendants." *Id.* (quoting *Cisco Sys., Inc.*, 2018 WL 3109398, at *4)).

## II. Discussion

Plaintiff seeks to serve E-Ideas Limitada/Webhexup, Jose Fernando Munoz Alvarez, and Private Loan Relief Services LLC by email. The Court denied Plaintiff's prior Motion because the exhibits purporting to be email communications with Defendants were insufficient to show that the email actually belonged to the Defendants. ECF No. 8 at 7. However, Plaintiff does not provide any additional information in the present Motion,

merely stating that the Court's concern was already addressed by the record before it. Mot. at 3. Disagreement with the Court's prior Order is not grounds to grant the present Motion.

The Court also previously found that Plaintiff had not demonstrated diligence in attempting to effectuate service. ECF No. 8 at 8. In the present Motion, Plaintiff alleges that he has sent six letters of correspondence, a complete electronic service of all filed documents, physical mailing, and a formal waiver request. But the only evidence he proffers is a single USPS Customs Declaration that does not show what was sent. *See* Mot. Ex. N. This is insufficient.

Accordingly, the Court **DENIES** Plaintiff's Renewed Motion for Alternative Service of Process (ECF No. 9). Within thirty (30) days of the electronic docketing of this Order, Plaintiff **MAY FILE** a renewed motion for service by email with (1) ***additional*** evidence of recent communications with Defendants and verification that the emails provided by Plaintiff are the correct email addresses for Defendants and (2) ***additional*** evidence to demonstrate that Plaintiff has made reasonable efforts to locate Defendants' physical addresses and to effectuate service by other means.

**IT IS SO ORDERED.**

Dated: October 19, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge